| THIBODEAUX, J.,
dissenting in part.
The trial court erroneously held that Ms. Minton refused to agree to repay the monies she received from Long’s Preferred Products, Inc.
I am mindful of the deference which should be accorded to the factual findings of a trial court. I am equally cognizant that a court of appeal has a constitutional function to perform and it is entitled to determine if a trial court’s verdict is without evidentiary support. Ambrose v. New Orleans Police Amb. Serv., 93-3099, 93-3110, 93-3112 (La.7/5/94), 639 So.2d 216. In performing this constitutional function, “[w]here documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination.” Rosell v. ESCO, 549 So.2d 840, 844-45.
In this case, it seems to me that the objective evidence militates against the weight given to the credibility determinations of the trial court. In the proposed Installment Sale & Act of Pledge, the sum of $732,150.00 was submitted. This sum | ^reflected in part the deletion of $44,000.00 in salary received by Ms. Min-ton. The promissory note reflected this same amount. Ms. Minton was asked during her deposition:
Q. Did you by any chance consult a lawyer by the name of Ellis Saybe?
A. Yes, sir, I did. I took this contract, as a matter of fact, the first time I saw it. Let me make sure I’m saying this right. Yes, sir, I did, because this is Ellis Saybe that caught the typo. And I did want him to look at it before I signed it.
Ms. Minton does not mention any objection to deleting $44,000.00 from the total price of the proposed buy out. Her attorney, Mr. Saybe, examined the document and made one minor typographical change deleting “and” and substituting “any” in its place.[1]
Ms. Minton’s attorney drafted a letter to Julian W. Long on April 23, 1998. That letter does not mention any disagreement with the pay-back provisions of the Installment Sale & Act of Pledge and the promissory note. Finally, Ms. Minton admits in her deposition that she never returned after July 18th to the corporate offices to perform the services she had previously performed for Long’s Preferred Products. She did not, in other words, perform any work, yet she claims to be entitled to $4,500.00 per month for work she did not perform.
I feel simply that Ms. Minton’s after-the-fact trial testimony is simply too inconsistent with the hard, objective evidence. I would reverse the trial court on this issue.
For the foregoing reasons, I respectfully dissent.

. See plaintiff's Exhibit P-5, P-6, and P-7.